KANSAS CITY, Missouri, Condemnor-Appellant,

v.

Perrin D. McELROY, Administrator of the Estate of Minnie TURNER, deceased, Condemnee-Respondent.

No. 22941.

Kansas City Court of Appeals.

Missouri.

Dec. 15, 1959.

Benj. M. Powers, Herbert C. Hoffman, Elmo M. Hargrave, Kansas City, for appellant.

Clarence C. Chilcott, and Preston Forsee, Kansas City, for respondent.

CAVE, Presiding Judge.

Kansas City instituted proceedings to appropriate 27 tracts of land for off-street parking. The proceedings were brought under Article VI of the City Charter, and there are no questions raised as to the regularity thereof and the details need not be given.

The tract involved on this appeal is designated as Tract 3–B. It was owned by Minnie Turner, but during the proceedings, she died, and Perrin D. McElroy was appointed administrator, and, under the orders of the probate court, he took possession of her estate, including this tract, and in due time, was substituted as a party defendant.

The suit was filed October 11, 1954. On November 15, a jury of freeholders was duly selected to assess damages and benefits, if any, because of the taking of the various tracts. Evidence was heard, and on January 31, 1955, the jury returned its verdict assessing total damages of $214,270 for the taking of the various tracts. The amount of the award for Tract 3–B was $9,000. On February 25, 1955, the court entered judgment confirming the verdict of the jury, and ordered that, upon the payment of the compensation assessed, the city should hold the fee title to the respective lots. There were no exceptions filed as to Tract 3–B. On November 15, 1956, the city paid into the registry of the court the amount of the verdict, and the court entered an

order vesting fee title to the various tracts in the city.

On November 23, 1956, the city filed a motion requesting the court to withhold distribution of the award for Tract 3–B, and hear evidence and determine the respective rights of the city and McElroy, administrator, in and to such award, because the house on Tract 3–B had been damaged by fire subsequent to the judgment confirming the verdict of the jury, and prior to the time of the payment of the award into court. On April 23, 1957, the city filed an amended motion similar in content to the original motion. On June 27, 1958, McElroy filed motion to dismiss the city's motion because the court had no jurisdiction to entertain the same; and the court dismissed and struck from the files the city's motion, because "this court has exhausted its jurisdiction herein, * * *". On the same day, the court ordered the award paid to McElroy. The city appealed.

The motion set out in detail the various steps taken to condemn the 27 tracts, together with the judgment and orders of the court, mentioned supra. It alleged that there was a brick and frame house on Tract 3–B at the time the jury made its award; that the jury considered the value of said house in making such award; that on October 2, 1956, the house was severely damaged by fire which substantially reduced the market value of said tract; that McElroy collected $3,500 fire insurance for the damage to the house; that the city had no knowledge of the fire damage at the time it paid the award into the registry of the court; that the city received title to said tract in such condition that the value thereof is greatly diminished in comparison with the value of said tract at the time of the jury verdict; that if McElroy is permitted to retain the proceeds of the insurance policy, and also to retain and receive distribution of the $9,000 awarded by the jury, that the said estate will be unjustly enriched at the expense of the city; that the city will suffer irreparable injury and damage unless the distribution of said award of

$9,000 is withheld until the rights of condemnor and condemnee in and to said award and in and to said insurance proceeds are determined and declared in these proceedings.

It is apparent that the city's motion does not seek to set aside the judgment confirming the verdict of the jury or the judgment and order vesting fee title in the city. It makes no attack on the validity of either. In fact, it concedes that the judgment confirming the jury verdict and the order vesting title in it are valid and final; and that it is retaining title to Tract 3–B under such judgment and order.

■ However, it asserts that the condemnation proceedings were brought under the provisions of Article VI of the City Charter; and that this article is a complete code of procedure governing such suits by the city. The following cases so hold: Kansas City v. Marsh Oil Co., 140 Mo. 458, 41 S.W. 943; City of Kansas City v. Bacon, 147 Mo. 259, 48 N.W. 860; Brunn v. Kansas City, 216 Mo. 108, 115 S.W. 446; Morrow v. Kansas City, 186 Mo. 675, 85 S.W. 572; and Kansas City v. Ward, 134 Mo. 172, 35 S.W. 600. On this premise, the city contends that the court had jurisdiction to determine the conflicting claims to the award of $9,000; (a) under the provisions of Section 171 of the Charter; and (b) that the court had inherent power to determine such conflicting claims. In other words, the city argues it has an interest in the $9,000 award because the award represents the full value of Tract 3–B with the house on it as fixed by the verdict of the jury and the judgment of confirmation; and that such value had been substantially reduced, due to the fire, before it paid the money into court and received title; that it had no knowledge of the fire; and that the reduction in value creates such an *interest* in the fund that it can be asserted by a motion filed in the condemnation proceedings.

Was this such an *interest* in the fund that the court could grant the relief sought under either the provisions of Section 171

of the Charter, or under the inherent power of the court?

■ Section 171 provides: "If the *title* to the property taken or damaged *or to the compensation awarded therefor* in any proceedings *be in controversy,* the *right to the compensation* therefor shall be determined on *motion* or *interplea* of any party claiming an interest therein, in the *original proceedings,* or in a suit between the parties claiming the same, in which none of the costs of litigation shall be borne by the city, unless the city is one of the claimants. During such controversy such compensation shall remain in the possession of the city treasurer or of the court; but if the amount of such award is paid into court as hereinbefore provided, the title and possession of the city to the property taken shall not be in any manner affected by such controversy." (Italics supplied.)

The briefs discuss at length the interpretation that should be given this section. The defendant administrator contends that it contemplates a bill of interpleader as provided by Section 507.060, V.A.M.S. RS Mo 1949; and that such a proceeding can only be resorted to by a disinterested stakeholder, where two or more parties, other than the stakeholder, claim the stake. But the city's motion is in no sense a statutory bill of interpleader. Section 171 of the charter provides for a much broader action than that permitted by the filing of a statutory bill of interpleader.

We think Section 171, when stripped to its essentials, means that when the *title to the compensation award,* or a *property interest therein is in controversy,* the right to the compensation shall be determined on *motion* or *interplea filed* in the *original (condemnation) proceedings, or in a separate suit* between the parties claiming the award. It is a procedural section and does not create a cause of action. All that it means is that if the city has a *proper claim* to the award or a part thereof, it many assert the same by filing a motion or interplea in the original condemnation proceedings.

■ We are of the opinion that the words "if the title to the property * * * or to the compensation * * * be in controversy * * *" includes any person having a property *interest* in the land at the inception of the condemnation proceeding, and also any person acquiring, by inheritance, assignment or otherwise, a property *interest* in the *compensation* prior to the distribution thereof; and that the court would have jurisdiction to hear and determine such claim of *interest* by motion or interplea filed in the original proceeding.

■ However, Section 171 does not confer on the court any broader jurisdiction than the courts have heretofore exercised under the general condemnation statutes. It is uniformly held that a judgment in condemnation, where the property is appropriated, is a judgment in rem and not in personam; that the award when paid into court is a substitute for the property; and that any person claiming *title* to the property or a property *interest* in the award may, by motion or interplea, assert such claim and have the court determine the rights of the respective parties thereto. City of St. Louis v. Moehlenhoff, Mo.App., 322 S.W.2d 155, 158; St. Louis Housing Authority v. Evans, Mo., 285 S.W.2d 550; State ex rel. McCaskill v. Hall, 325 Mo. 165, 28 S.W.2d 80, 69 A.L.R. 1256, and Buchanan v. Kansas City, 208 Mo. 674, 106 S.W. 531, 15 L.R.A.,N.S., 834.

■ It is apparent that the city did not have a vested *title* or property *interest* in Tract 3–B until it paid the award to the condemnee or into court. That is when it received title. All the cases in this state so hold. It could have abandoned the proceeding at any time prior to paying the award. It did not do so, but elected to pay the award and take and retain title to the tract, and now seeks to recover, in the same proceeding, the damage to the house, on

the theory that it has such an *interest* in the fund as is contemplated by Section 171, supra; and the decisions cited supra.

We are of the opinion that the claim or cause of action attempted to be asserted in the city's motion does not grow out of any assertion of *title* to the property, or an acquired property *interest* in the fund; and therefore cannot be maintained in this proceeding on the theory of *title* to or *interest* in the award as contemplated by Section 171, supra, or by the decisions, under the general condemnation statutes, supra.

In the recent case of State ex rel. State Highway Commission v. Galloway, Mo. Sup., 300 S.W.2d 480, 482 the condemnee filed a motion in the condemnation proceedings to recover interest on the delayed payment of the award of the commissioners. The motion was filed after the award was paid into court and title vested in condemnor. It was held that the motion was not maintainable because the exigencies of the case "are not such as to demand, * * * the appending of an additional, independent proceeding to the established process of eminent domain".

Furthermore, the city seeks to have the court, sitting as a court of equity, hear evidence and determine the difference in the value of Tract 3–B as of the date of the jury verdict, and its value after the fire, and deduct that difference from the $9000 award. This theory of recovery would present several fact issues which should be submitted to a jury. Certainly the amount of insurance should not arbitrarily be accepted as the difference in value.

The city also contends that a court of equity has jurisdiction to set aside or modify a judgment for fraud, accident or mistake; and that such relief may be granted by filing a motion or interplea in the same proceedings. It cites State ex rel. McCaskill v. Hall, supra; United States v. Morgan, 307 U.S. 183, 193, 59 S.Ct. 795, 83 L.Ed. 1211; Warren v. Order of Railway Conductors of America, 199 Mo.App. 200, 201 S.W. 368. This rule has no application in the instant case because the motion does not allege that the judgment was procured by fraud, accident or mistake, nor does it seek to set aside or modify the judgment.

It also cites State ex rel. Kansas City v. Public Service Comm., 362 Mo. 786, 244 S.W.2d 110, as announcing the rule that a court in control of a fund has inherent judicial authority to summarily afford redress by way of restitution by an order in the same proceedings, directing that the one receiving the benefit as a result of an *"erroneous judgment"* shall restore that benefit. But the city's motion does not allege that the judgment confirming the jury's verdict, or the order vesting title in it, are erronous. The city received and is retaining title to the tract by virtue of that judgment and order. It is retaining the fruits thereof.

It is our conclusion that the court nisi did not have jurisdiction to hear and determine the issues attempted to be asserted in the equitable motion filed in the condemnation proceedings. It follows that the order and judgment should be affirmed. It is so ordered.

All concur.