STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Respondent, Cross–Appellant,

v.

William D. TURNER, et al., Defendants,

and

William R. Rutherford and Virginia M. Rutherford; Willian E. Womack and Orville Womack, d/b/a 4 Seasons Bait and Tackle, et al., Appellants.

No. WD 46027.

Missouri Court of Appeals, Western District.

April 20, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1993.

Application to Transfer Denied Aug. 17, 1993.

Joseph R. Borich, III, Kansas City, for appellants.

Peter M. Donovan, Judy L. Curran, Kansas City, Rich Tiemeyer, Jefferson City, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

SPINDEN, Judge.

The primary issue in this appeal is whether the Missouri Highway and Transportation Commission (MHTC) can abandon its condemnation action for a temporary construction easement after the property owner challenges the original condemnation award of $1000 and obtains a jury verdict of $20,000. We resolve this and other issues pending in this cross appeal by concluding, as the trial court did, that MHTC had the authority to abandon its condemnation, and we affirm the trial court's awarding interest to the respondents on the difference between the commissioners' award of $1000 and the jury verdict of $20,000.

The dispute began when MHTC condemned the easement in preparation for widening Mo. 291 in front of property owned by William and Virginia Rutherford in Independence. MHTC proposed to widen the highway to four lanes and to install a concrete median barrier in the center so traffic could not turn left except at intersections.

MHTC filed a condemnation petition on June 12, 1990, for a temporary easement, 10–feet wide and about 70–feet long, so it could construct a new entrance to the Rutherfords' property. The easement was to end when the construction was complete, but it was to endure for no more than two years. MHTC did not seek a permanent easement. Included in the project was a new driveway from the highway to the Rutherfords' property.

On August 28, 1990, court-appointed commissioners awarded $1000 to the Rutherfords for the easement. The Rutherfords filed an exception in circuit court on September 5, 1990. A week later, MHTC paid the $1000 award into court.

At trial, on February 3, 1992, the court permitted evidence of damages to the Rutherfords and the business on the property, 4 Seasons Bait & Tackle. The court permitted the Rutherfords to present evidence that their property's value would fall $60,-000 because of the median divider and that construction would damage business by $20,000. The court did not permit evidence of lost business profits. MHTC's evidence set the Rutherfords' damage at $300. The jury returned a verdict of $20,000 for the Rutherfords.

On February 10, 1992, MHTC filed an Election to Abandon Condemnation Proceedings. The Rutherfords objected. The trial court sustained MHTC's election but awarded the Rutherfords 6 percent interest, for a period of September 20, 1990, to February 10, 1992, on the $19,000 difference between the jury verdict and the commissioners' award. The court did not vacate the jury verdict. MHTC did not abandon its plans to widen the highway and to install the median divider. Neither party appeals the jury verdict.

### Rutherfords' Appeal

The Rutherfords appeal on three grounds. They complain that the trial court wrongly permitted MHTC to abandon the condemnation because MHTC had already paid the commissioners' award and thus gained title. They assign error to the court's limiting the amount the Rutherfords could collect in view of the abandonment to 6 percent interest on $19,000 from September 20, 1990, to February 10, 1992, and to its not awarding them attorney's fees and expenses for attorney expenses incurred after the commissioners' award.

### MHTC's Right to Abandon Condemnation Proceedings

■ The Rutherfords acknowledge MHTC's right to abandon a condemnation, as provided by Rule 86.06,[1] but they argue that MHTC's election was too late. MHTC, they argue, had to abandon before paying the commissioners' award, and, because MHTC paid the award, it lost the right to abandon. We disagree.

Rule 86.06 provides:

Upon making payment to the clerk of the amount assessed [by the commissioners],

---

1. Although Rule 86 governs, its language closely tracks § 523.040, so cases construing the statute are instructive in construing Rule 86.

for the party or parties in whose favor such damages have been assessed, it shall be lawful for the condemner to take possession and hold the interest in the property so appropriated for the uses [prescribed]; and, upon failure to pay the [commissioners' assessment] within ten days after it becomes final, ... the court may, upon motion and notice by the party entitled to such damages, enforce the payment of the same by execution, unless the condemner shall, within said ten ... day period, elect to abandon the proposed appropriation of any property, by an instrument in writing to that effect, to be filed with the clerk of such court, and entered on the minutes of the court, and to so much as is thus abandoned the assessment of damages shall be void.

This rule grants the condemnor the right to abandon within 10 days of the award's becoming "final." The Rutherfords contend that the award became final when MHTC paid the commissioners' award because title passed upon payment.

■ It is true that payment of an award divests title. "It is a well settled rule that in condemnation suits brought under the general statutes ... the easement in or title to the property condemned is fully acquired by the condemnor when it pays to the owner, or into the court for him, the amount of the damages awarded by the commissioners." *State ex rel. State Highway Commission v. Houchens*, 235 S.W.2d 97, 101 (Mo.App.1950). MHTC, therefore, obtained title to its easement when it paid the $1000 commissioners' award.

■ Nonetheless, the Rutherfords filed an exception to the commissioners' award, as Rule 86.08 grants them the right to do. The effect of this was to render the commissioners' award "functus officio," as the *Deutschman* court described it; it made "the cause [to stand] as though no commissioners had ever been appointed." *State ex rel. State Highway Commission v. Deutschman*, 346 Mo. 755, 142 S.W.2d 1025, 1028 (Mo.1940) (quoting *The School District of Kansas City v. Phoenix Land and Improvement Company*, 297 Mo. 332, 249 S.W. 51 (Mo.1923)). This is because, as

the Supreme Court has explained, "the question of compensation must first be passed on by a board of freeholders, but their assessment is not conclusive, for the court is given the power to review their assessment, and to make such order therein as right and justice may require[.]" *State ex. rel. Hilleman v. Fort*, 180 Mo. 97, 79 S.W. 167, 169 (Mo.1904).

■ Although MHTC had title to its easement, it did not exercise any rights of ownership or possession. Doing so would have cut off its right to abandon. "[T]he right to abandon is lost if the [condemnor has] reduced the land to possession, and constructed the public improvements thereon[.]" *Id.* 79 S.W. at 170–71.

Hence, the award was not final until the court entered judgment for the jury's award of $20,000. MHTC abandoned the condemnation within the 10–day limit of Rule 86.06. Its action was lawful.

The Rutherfords challenge this interpretation of Rule 86.06 on the basis of dicta in *Kansas City Southern Railway Company v. Second Street Improvement Company*, 166 S.W. 296, 302 (Mo.1914):

As a general rule, the appropriation and taking is fixed as of the date the commissioners make their report of the damages, and the condemning party pays such sum into court for the benefit of the landowner. Up to this point the party can abandon the condemnation, but when the payment is made, there is and has been a taking of the property in a constitutional sense.

Payment results in a taking "in a constitutional sense" because title passes. Title passed to MHTC when it paid the commissioners' award, and the Rutherford's withdrew the money for their immediate use. They were compensated immediately, and they received additional compensation, as we discuss at page 9.

This did not mean, however, that MHTC could not abandon the property. Although it held title, it could abandon so long as it took no steps to exercise ownership rights.

The Rutherfords cite cases—*Washington University Medical Center Redevelop-*

*ment Corporation v. See*, 654 S.W.2d 192 (Mo.App.1983); *Kansas City v. McElroy*, 331 S.W.2d 28 (Mo.App.1959); and *Nifong v. Texas Empire Pipe Line Company*, 40 S.W.2d 522 (Mo.App.1931)—which seem to suggest that a condemnor's payment of the commissioners' award cuts off the right to abandon. For example, the *See* court said in a footnote:

> An exception [to the right to discontinue proceedings] is when the condemner has paid the assessed damages into court and thereby taken title to the property. At this point the right to discontinue the proceedings ceases even though the final assessment may not have been determined. *State ex rel. State Highway Commission v. Deutschman*, 346 Mo. 755, 142 S.W.2d 1025, 1028 (1940); *see Kansas City v. McElroy*, 331 S.W.2d 28, 32 (Mo.App.1959).

*Id.* 654 S.W.2d at 194 n. 3. On page 1028 of 142 S.W.2d, the page cited by the *See* court, *Deutschman* said:

> [T]he condemner, upon payment of the commissioners' award, may proceed to construct [on the property], notwithstanding the fact that such exception may have been filed; and if it does so, it takes possession of the tract of land condemned and title passes to it. But if it does not take *possession* of any parcel of land condemned, then it has ten days to elect to abandon it after the final assessment has been made, either by subsequent commissioners or by a jury.[2]

The *See* court apparently failed to distinguish between *Deutschman*'s reference to "possession" and making payment but not taking possession. In any case, the cited passage in *See* and the other cases is unpersuasive dicta.

The holding of the Supreme Court of Missouri in *Deutschman*, quoted above, is instructive here. The *Deutschman* court was considering an issue identical to the one before us in this case. Although the *Deutschman* court was construing statutory provisions, Rule 86 contains the same provisions. The Rutherfords acknowledge that "if Deutschman is controlling, the

Court would probably find that the abandonment was timely." *Deutschman* is controlling.

The Supreme Court reaffirmed this holding in *State ex rel. State Highway Commission v. Paul*, 368 S.W.2d 419, 422 (Mo. banc 1963).

■ Abandonment after payment of the commissioners' award does not constitute an unconstitutional taking so long as the condemnor abandons before taking possession of the property. Had MHTC taken possession and began construction, it would have lost the right to abandon. As the U.S. Court of Appeals for the Eighth Circuit stated, "[I]t has been held quite generally that where ... possession of the property is not taken at or prior to the institution of condemnation proceedings, the proceedings may be abandoned at any time before the actual acceptance of the property *and* payment therefor." *Barnidge v. United States*, 101 F.2d 295, 298 (8th Cir.1939) (emphasis added).

### Rutherfords' Right to the Jury Award

■ The Rutherfords argue that they had a right to collect the jury's verdict of $20,000 notwithstanding MHTC's abandonment because the jury heard evidence of more than the damages resulting from the easement. The trial court permitted the jury to hear evidence of damages caused by construction and erection of the median barrier.

Because MHTC properly abandoned the condemnation, the issue of the Rutherfords' right to the $20,000 jury assessment is moot. Rule 86.06 says that, if the condemnor abandons the condemnation, the assessment of damages is void "to so much as is thus abandoned[.]" MHTC abandoned the entire condemnation. The abandonment voided the entire jury award.

### Rutherfords' Right to Compensation for Attorney's Fees and Costs

■ The general rule in Missouri is that public agencies, as opposed to private corporations, are exempt from liability for liti-

---

2. We added the emphasis.

gation expense or pecuniary loss incurred by the landowner in condemnation proceedings when the agency's abandonment is timely and in good faith. *Center School District No. 58 of Jackson County v. Kenton,* 345 S.W.2d 120, 126 (Mo.1961).

Rutherfords contend that the MHTC acted in bad faith because, notwithstanding its abandonment, MHTC still intends to build the concrete divider. We see no basis for finding bad faith. MHTC's construction will not touch Rutherfords' property. The only effect of MHTC's abandonment is that the Rutherfords will be left with their original driveway instead of a new one. MHTC will leave the driveway as it is and will construct the two new lanes on property obtained by MHTC across the highway from the Rutherfords' property. MHTC did not mislead the Rutherfords concerning the extent or duration of the easement, or the nature of the highway improvement. As the *See* court noted, "Rule 86 ... recognizes the condemner's right to ascertain the final price of the parcel and to discontinue the proceedings if the price is too high." MHTC merely has acted in a way to avoid paying $20,000 for the right to construct a new driveway, at its expense, for the Rutherfords.

## MHTC's Cross Appeal

MHTC appeals the trial court's ordering it to pay 6 percent interest on the $19,000 difference between the commissioners' $1000 award and the jury's $20,000 verdict for the period of September 20, 1990,[3] to February 10, 1992, when MHTC filed its election to abandon. The Rutherfords had withdrawn the $1000 commissioners' award, so the trial court further ordered that the amount of interest owed by MHTC be offset by $1000.

Rule 86.10 says, "In condemnation proceedings under Rule 86 interest shall be recovered in the manner and the amounts as now or hereafter provided by Statutes

including Section 523.045 RSMo 1949. The reference in Section 523.045 to Section 523.-040 shall be construed to refer to this Rule 86, and particularly to Rule 86.06." Section 523.045 says:

If, within thirty days after the filing of [the] commissioners' report the condemnor shall have paid the amount of any commissioners' award to the persons named in the petition as owning or claiming any property or rights to the clerk of the court for them and the amount of such award shall be superseded by a subsequent verdict or amount larger than the award paid, then interest on the amount by which such verdict exceeds the award, at the rate of six percent per annum from the date of filing the report, shall be added to the amount of the verdict[.]

Because MHTC paid the commissioners' award and divested the Rutherfords of title to their property, the Rutherfords suffered a loss which must be compensated. Section 523.045 seeks to compensate this loss in the form of interest. *Missouri State Park Board v. McDaniel,* 513 S.W.2d 447, 450 (Mo.1974).

The issue before us is interest on what— the $1000 commissioners' assessment, as urged by MHTC, or the $19,000 difference between the commissioners' assessment and the $20,000 jury verdict, as the trial court decided? We affirm the trial court.

The Rutherfords voided the commissioners' assessment by filing exceptions. *Deutschman,* 142 S.W.2d at 1028. The jury award replaced it as the sole, valid property assessment. *Fort,* 79 S.W. at 168. MHTC did not appeal the jury award; it merely walked away from it by electing to abandon its condemnation action. The last, best assessment of the value of MHTC's easement is the jury verdict of $20,000.

Between MHTC's payment of the $1000 commissioners' assessment and MHTC's

---

3. We cannot discern from the record why the trial court selected this date for the interest to begin running. The commissioners filed their report on August 28, 1990. The Rutherfords filed their exceptions on September 5, 1990.

MHTC paid the commissions' award on September 12, 1990. The parties do not make an issue of the court's using September 20 as the date for interest to begin accruing.

299

abandonment, the property belonged to MHTC, and the Rutherfords could make no use of it inconsistent with MHTC's ownership. Because the Rutherfords lost use of the $19,000 difference between MHTC's payment of the commissioners' assessment and the jury's reassessment, the trial court properly concluded, pursuant to § 523.045, that MHTC should pay 6 percent interest for the loss.

## CONCLUSION

The trial court properly sustained MHTC's election to abandon its condemnation of the Rutherfords' property because it had not taken any steps to begin construction. MHTC's abandonment voided the jury's reassessment. The trial court properly assessed 6 percent interest against MHTC on the difference between the commissioners' assessment and the jury's reassessment. MHTC does not owe Rutherfords attorney's fees or expenses. We affirm the trial court's judgment.

All concur.