**LAND CLEARANCE FOR REDEVELOPMENT AUTHORITY OF the CITY OF ST. LOUIS, Plaintiff/Respondent,**

v.

**UNITED STATES STEEL and Carnegie Pension Fund, Defendant/Respondent,**

and

**Allright Missouri, Inc., Defendant/Appellant.**

**No. 67555.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 12, 1995.

David T. Hamilton, Saale, Bailey & Hamilton, L.C., St. Peters, John J. Temporiti, Gallop, Johnson & Neuman, L.C., Clayton, for Appellant Allright Missouri, Inc.

Sarah A. Siegel, Suelthaus & Walsh, P.C., St. Louis, for Respondent Land Clearance for Redevelopment Authority of City of St. Louis.

Donald U. Beimdiek, Andrew B. Mayfield, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for Defendant/Respondent U.S. Steel and Carnegie Pension Fund.

SMITH, Presiding Judge.

Allright Missouri, Inc. appeals from the trial court action in refusing to award it attorney's fees and costs from plaintiff, Land Clearance for Redevelopment Authority (LCRA), after plaintiff abandoned a condemnation of land in which Allright had a leasehold interest.[1]

The condemnation involved here was that which prompted the prohibition case of State ex rel. United States Steel v. Koehr, 811 S.W.2d 385 (Mo.banc 1991), and the reader is directed to that case for the factual background of this litigation. It is sufficient to say that a challenge was made to the authority of plaintiff to condemn this parcel of land, a parking lot, on the basis that it was not a taking for public use. That contention was advanced because of a letter agreement between plaintiff and Eighth and Locust Associates (Associates) the private redeveloper of the Mayfair Hotel. The agreement provided for the acquisition of the land by plaintiff through eminent domain, to be conveyed to Associates for use by Associates as a parking lot for the Mayfair Hotel until such time as it was economically feasible to expand the Mayfair onto the parcel. Associates agreed to reimburse plaintiff for the cost of acquiring the parcel and retained the right to direct plaintiff to abandon the condemnation at any time during the process.

The Supreme Court held that when the ordinance was passed by the Board of Aldermen of the City blighting the area, which included the parking lot parcel, that established the public use of the parcel in any subsequent acquisition of the parcel by plaintiff. This precluded the Pension Fund from challenging the condemnation on the basis that it was a taking for a private use.

At the time the Koehr writ was requested, Allright was a party to the condemnation. Under its agreement with the Pension Fund, upon termination of the lease agreement, Allright and Pension Fund would divide the sale proceeds pursuant to a formula. The writ proceeding was brought by the Pension Fund and Allright was not joined as a party thereto.

In Nifong v. Texas Empire Pipe Line Co., 225 Mo.App. 1134, 40 S.W.2d 522 (1931) [1] the court stated the following rule:

[I]t has been established in this state, since the decision of the Supreme Court in the case of North Missouri R.Co. v. Lackland, 25 Mo. 515 [ (1857) ], that a private or quasi public corporation is liable for costs and expenses suffered by the landowner in a condemnation suit that has been dismissed or discontinued.

Allright makes no contention that a public corporation or agency has a similar liability as to costs and expenses. See State ex rel. Missouri Highway and Transportation Commission v. Turner, 857 S.W.2d 293 (Mo. App.1993) [7]. Plaintiff is a public corporation. Secs. 99.330, 99.420 RSMo 1994. It is authorized to exercise public and essential governmental functions including the power of eminent domain. Secs. 99.420(4), 99.460.

It is Allright's position that plaintiff gave up its public agency status by vesting in Associates certain powers including the power to abandon the taking. By placing that

---

1. Originally, Allright had sought interest on the amount of the commissioners' award from the date of that award to the date of abandonment. See § 523.045 RSMo 1994. The trial court made such an award to United States Steel and Carnegie Pension Fund, the owner of the parcel plaintiff sought to condemn, but did not award interest to Allright. Prior to oral argument, Allright waived any claim of error in regard to the interest issue. Because plaintiff did not appeal the award to the Pension Fund there is no issue pending as to the Pension Fund and the judgment in its favor is affirmed.

power in a private party, Allright contends that plaintiff should be subject to the same rules that apply to a private or quasi public corporation with the power to condemn.

In *Koehr* the court stated "The letter agreement between LCRA and Associates did not amount to the grant of eminent domain power to a private entity." Plaintiff contends that statement constitutes a factual determination which Allright is collaterally estopped to deny. We agree.

■ In determining the applicability of collateral estoppel four factors are to be considered, i.e. (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in a prior suit.[2] *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713 (Mo.banc 1979).

■ Allright contends that the first factor is not met here. It may be acknowledged that the Supreme Court in *Koehr* did not explicitly find that plaintiff acted in its capacity as a public agency when drafting the letter agreement. Specific findings are not required to have the effect of precluding relitigation of an issue. *Dehner v. City of St. Louis*, 688 S.W.2d 15 (Mo.App.1985) [2, 3]. A finding that is implicit in a judgment can also have this effect. *Id.*

■ The *Koehr* case necessarily and implicitly found that the terms of the letter agreement were proper and plaintiff did not overstep its statutory authority as a public corporation in entering into the agreement. Every legislative requirement must be complied with for the proper exercise of eminent domain powers. *See City of St. Louis v. Smith*, 325 Mo. 471, 30 S.W.2d 729 (1930) [1]. The statutes do not give plaintiff the power to confer eminent domain power upon a private entity. Plaintiff was the entity required

to make the decision to condemn. *Koehr, supra* at [6]. Plaintiff is not entitled to acquire property for a private use. The *Koehr* court could not have upheld the legitimacy of the condemnation if plaintiff was acting outside of its statutory authority. The letter agreement was before the court and it based its ruling on the materials before it. Its finding that the condemnation was proper was necessarily a finding that plaintiff had not exceeded its statutory authority and that it was properly acting in its public corporation status. The issue in *Koehr* is identical to the issue before us.

■ There is no dispute that the prior adjudication resulted in a judgment on the merits. We turn to privity. Whether parties are in privity for collateral estoppel purposes depends mostly on their relationship to the subject matter of the litigation. A privy, within the doctrine of collateral estoppel, means one so related by identity of interest with the party to the judgment that such party represented the same legal right. Persons are in privity for collateral estoppel purposes when the interests of the nonparty are so closely related to the interest of the party that the nonparty can fairly be considered to have had his day in court on the issue to which the collateral estoppel is applied. *Moore v. Swayne–Hunter Farms, Inc.*, 841 S.W.2d 308 (Mo.App.1992) [2–6]. On the issue of the legality and propriety of the condemnation, Allright's interests as a leaseholder in the *Koehr* litigation were identical to those of the Pension Fund, the owner, particularly in view of the lease agreement.

If the fourth factor is applicable, it is to be determined by whether the party with whom Allright is in privity had a full and fair opportunity to litigate the issue. The answer is clearly yes. Collateral estoppel applies and Allright cannot now contend that plaintiff was acting during the condemnation and the abandonment other than as a public corporation.

■ Allright also challenges the trial court's finding that plaintiff was acting in

---

**2.** In *Hudson v. Carr*, 668 S.W.2d 68 (Mo.banc 1984) l.c.70, there is *dicta* that the fourth factor is applicable only when there exists a lack of mutuality, i.e., where the person seeking to in-

voke collateral estoppel is not himself bound by the prior adjudication. Plaintiff was bound by the *Koehr* adjudication so there is no lack of mutuality.

good faith in abandoning the condemnation. The general rule in this state is that public agencies, as opposed to private corporations, are exempt from liability for litigation expense or pecuniary loss incurred by the landowner in condemnation proceedings when the agency's abandonment is timely and in good faith. *State ex rel. Missouri Highway and Transportation Commission v. Turner, supra* at [7]. The abandonment here occurred within the prescribed time period and was therefore timely. In *Turner, supra* at [8], the court noted that a condemnor has a right under Rule 86 to ascertain the final price of the parcel and to discontinue the proceedings if the price is too high. That is the very purpose for the condemnor having the right to abandon the condemnation. There is no indication that this condemnation was abandoned for any reason other than that the price was too high to allow for the economical redevelopment anticipated by Associates and plaintiff. The *Koehr* decision and our previous discussion preclude imputing any bad faith to the relationship between plaintiff and Associates created by the letter agreement.

Judgment affirmed.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.