The decree was for the right party. It is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

ELLISON, P. J., LEEDY, J., and DEW, Special Judge, concur.

**John W. DALTON, Appellant,**

v.

**Julia R. Dalton DABBAS, Respondent.**

No. 44322.

Supreme Court of Missouri.

Division No. 2.

March 14, 1955.

Whitney W. Potter, St. Joseph, for appellant.

Watkins and Watkins, O. W. Watkins, Jr., St. Joseph, for respondent.

TIPTON, Judge.

This is an action, instituted in the circuit court of Buchanan County, to set aside two quitclaim deeds to real estate located in St. Joseph, Missouri.

Respondent's motion to dismiss appellant's petition on the ground that the facts and issues had prior thereto been ruled adversely to appellant's contention in this case was sustained by the trial court.

At a hearing upon this motion it was stipulated that all of the records in the previous action, and the pertinent parts of the transcript of evidence would be considered.

The petition in the first case stated that the real property in question was deeded to

respondent on April 11, 1945, by the appellant, as a gift to her; that there was an (oral) agreement or understanding between "him and his daughter that she should hold title to said property for and during the natural life of the plaintiff [appellant], in trust for plaintiff, in that the plaintiff was to have the rents and profits from said property for and during his natural life."

The petition further stated that on July 12, 1947, respondent wrongfully, and contrary to the alleged agreement, withdrew all of the money from the bank and converted it to her own use. That the amount withdrawn was $1,019. The prayer of the petition was for a judgment in that sum and for an accounting, and that the court decree that for the remainder of appellant's life respondent was holding the property in trust for him, and that he was entitled to the rents and profits from this property during the remainder of his life.

The answer in the original case admitted that appellant was formerly the owner of the real estate in question, alleged that the conveyance from appellant to respondent was an outright gift without reservation of any interest by appellant, and denied all of the remaining allegations, and the answer also contained a counterclaim to quiet title. The counterclaim was not tried, but was dismissed.

The evidence in the original case showed that the property in question had come to appellant through his first wife, who was the mother of respondent; and that on April 30, 1938, appellant deeded this land to respondent, but reserved a life estate for the remainder of his life. However, on April 11, 1945, he conveyed his life estate to respondent. Appellant testified that he had an agreement with respondent for her to pay the taxes and insurance and give him the balance of the rent; that after this conveyance respondent had paid appellant the rent for several months. He testified, also, that his daughter was afraid his second "wife would come in and make claim on the property after I passed out." He further testified that he said nothing to the attorney who drew the second deed about retaining an interest in this property; that he wanted the respondent to have this property but he wanted to keep the rents and profits until his death.

The judgment in the first case was that the appellant "take nothing by his suit and that no accounting shall be had."

The petition in the instant case alleges that appellant is the father of respondent; that at the death of his first wife he became the owner of the real estate in question; that he was married to his second wife on May 2, 1938; that he made a purported quitclaim deed of this property to respondent, but the deed reserved a life estate to himself; that thereafter he made another deed which purported to convey to respondent "the entire record title to said property and real estate," but, in truth and in fact, he has been the owner at all times since the death of his first wife, because of the false and fraudulent misrepresentations made by respondent that she would take care of appellant for the rest of his natural life by opening a joint bank account and by depositing in this account the rents and profits from the real estate in question; that he believed such false and fraudulent statements of respondent and that she knew these statements to be false when she made them. The prayer of this petition was for an order and decree of the court setting aside the two quitclaim deeds and "quieting title therein in plaintiff" (appellant).

Appellant contends that the trial court erred in sustaining respondent's motion to dismiss for the reason that the first action was for an accounting only, while the present suit is to set aside the two deeds because of the false and fraudulent misrepresentations of respondent that she would use the rents and profits from the property in question to take care of appellant and, therefore, the court erred in holding that the decree and judgment of the first case was res judicata of the issues in the instant case.

Of course the two actions are not the same, but in deciding the first case the court,

of necessity, decided there was no legal agreement that respondent was to take care of appellant during the remainder of his life. This fact or question must be decided again by the present case if it is tried.

The only Missouri case cited by the appellant is Goedecke v. Gralnick, 354 Mo. 478, 190 S.W.2d 218, which we think does not support his contention. In that case we said, 190 S.W.2d loc. cit. 223: "But even conceding the cause of action in this case is not the same as that in the 1942 cases, at least the same fundamental issue was common to both litigations. And if that issue *necessarily* was decided adversely to the bank in the former cases, it is res judicata here, even though the former judgment did not expressly determine it."

In the case of Norwood v. Norwood, 353 Mo. 548, 183 S.W.2d 118, loc. cit. 122, 123, we said:

"Res adjudicata may be as to a judgment or as to some particular facts litigated between the parties. In re Mc-Menamy's Guardianship, 307 Mo. 98, loc. cit. 110, 270 S.W. 662, loc. cit. 665; Boillot v. Income Guaranty Co., Mo. App., 124 S.W.2d 608, loc. cit. 611.

" 'It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res adjudicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take

in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief.' 30 Am.Jur., Judgments, Sec. 178." See, also, Drainage District No. 1 Reformed v. Matthews, 361 Mo. 286, 234 S.W.2d 567.

We repeat that in both of these cases, if tried on the merits, it is necessary for the court to determine the validity of the alleged agreement that in consideration of the two deeds the respondent would take care of appellant from the rents and profits of the property. Of course, there must be an end to litigation. We, therefore, hold that the first judgment is res judicata to the second case and the trial court properly dismissed the petition.

The judgment of the trial court should be affirmed. It is so ordered.

PER CURIAM.

The foregoing opinion prepared by the late ERNEST M. TIPTON, Judge of Division Two, being unsigned at the time of his death, is now adopted as the opinion of the court.

ELLISON, P. J., LEEDY, J., and BROADDUS, Special Judge, concur.