**Willie HAUBER et al., Appellants,**

v.

**The HALLS LEVEE DISTRICT et al., Respondents.**

**No. 57028.**

Supreme Court of Missouri, Division No. 2.

July 16, 1973.

Downs & Pierce, Don Pierce, St. Joseph, for plaintiffs-appellants.

Wilcox & Houts, St. Joseph, for defendants-respondents.

HOUSER, Commissioner.

On this appeal (taken before January 1, 1972) the question is whether the decision in Halls Levee District of Buchanan County v. Hauber, 461 S.W.2d 16 (Mo.App. 1970), is res adjudicata of the issues raised in the case here for review.

Frank and Willie Hauber, husband and wife, owned certain land located in a levee district. In 1949 the levee district adopted an amended plan of reclamation, duly notifying the affected landowners, including the Haubers, as required by law. Willie Hauber did not file exceptions to the plan. Frank Hauber did file exceptions. His dispute with the levee district was settled by stipulation entered into between Frank Hauber, acting for himself and not on behalf of Willie, and the levee district, by the terms of which for a consideration of $100 Frank Hauber conveyed and granted to the levee district an easement for levee purposes over the land owned by Frank and Willie, purporting to give the levee district the right to construct, reconstruct and maintain an overflow spillway and dam and a right of drainage across the land. Willie did not join in the stipulation or conveyance. Subsequently an unauthorized rock dam was built across the levee district's drainage ditch right-of-way easement. The levee district brought an action in mandamus for a mandatory injunction against Frank, Willie and Roy Hauber to require them to remove the dam. The levee district won the case in the circuit court and on October 5, 1970 the judgment for the levee district was affirmed on appeal. See citation, supra.

On October 29, 1970 Willie Hauber, Roy Hauber and Frances Hauber, wife of Roy, filed the instant action against the levee district and the individuals constituting its board of supervisors. In Count I plaintiffs alleged that Frank and Willie Hauber had conveyed the land to Roy and Frances Hauber, reserving a life estate; that the levee district claims an interest in the land, namely, an easement right of drainage by virtue of the stipulation agreed to by Frank Hauber; that the stipulation did not operate to convey Willie's interest in the land, she not having joined therein, and did not affect the subsequently acquired rights of Roy and Frances Hauber, and that the levee district is exercising unlawful dominion over plaintiffs' land. Plaintiffs prayed for a declaration that the stipulation was ineffective as a release of Willie's interest in the land, as well as that of Roy and Frances, and that the court strike the purported easement from the records in the case previously tried in that circuit. In Count II plaintiffs prayed for money damages.

The levee district and its supervisors filed separate motions to dismiss the petition on the ground, among others, that the matter raised in Count I had already been raised and considered by the court of appeals in the above-mentioned case and therefore the matter of res judicata. These motions to dismiss were sustained on that ground, and plaintiffs appealed.

■ We affirm on the principle of estoppel by verdict. A former adjudication between the same parties on a different cause of action is binding as to the ultimate or supporting facts actually decided and necessarily determined in rendering the judgment, under what is called estoppel by verdict. Abeles v. Wurdack, 285 S.W. 2d 544 (Mo.1955); Smith v. Preis, 396 S. W.2d 636 (Mo.1965).

■ In Norwood v. Norwood, 353 Mo. 548, 183 S.W.2d 118, 122–123 (1944), it was pointed out that res adjudicata may be as to some particular facts litigated between parties; that " '[i]t is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res adjudicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief.' "

The parties are substantially the same in the two actions. The levee district and board of supervisors, plaintiffs in the first action, are defendants in the second action. Willie Hauber, a party defendant in the first, is a party plaintiff in the second. Roy Hauber was a party in both actions. Frances Hauber, plaintiff in the instant action, was not a party to the first suit but her rights, and those of her husband Roy, are derivative from Willie and Frank Hauber and therefore are identical with those of Willie Hauber. Although Frank Hauber is not a party in the second action this is immaterial since he makes no claim hostile to the stipulation and conveyance he signed.

In the first action the right of the levee district to have the rock dam removed depended upon the existence and validity of a drainage ditch easement right in the levee district. That was the ultimate supporting fact actually decided and necessarily determined in rendering judgment for the levee district and against Frank and Willie Hauber. While it appears that the trial court in the first action did not make a specific ruling finding in terms that the

levee district had a right of drainage over the Hauber land, such a finding is implicit in its decision in favor of the levee district and is explicit in the opinion of the court of appeals, for in its de novo review the court of appeals specifically found that the levee district was "in legal possession of the right-of-way easement thereby granted over and along defendants' land for drainage purposes." This same fact or issue would have to be decided again if the second action were to be tried. "* * * [T]here must be an end to litigation." Dalton v. Dabbas, 276 S.W.2d 150, 152 (Mo.1955).

 Willie Hauber failed to join her husband Frank in filing exceptions in the proceedings relative to the proposed amended plan of reclamation. When the first action was brought against Frank and Willie Hauber to remove the rock dam it was incumbent upon Willie Hauber under Rule 55.10,[1] V.A.M.R., if she desired to protect her rights and interests as an owner of the land, to file a pleading affirmatively setting forth the defect in the levee district's claim to an easement right, on the basis of the failure of the levee district to obtain her signature on the right-of-way conveyance. The desirability of fixing and finally determining in one litigation all disputed claims of title and possession between parties to a pending action is pointed out in Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471, 479 (1949). Having failed to interpose this fact issue in the first action Willie Hauber is barred from asserting it in this subsequent litigation with the same party, Deeds v. Foster, 235 S.W.2d 262 (Mo.1951), and her right or interest in the subject matter of the proceeding is held to have been voluntarily submitted by her to the consideration of the circuit court in the first action, and the affirming judgment of the court of appeals, 461 S.W.2d 16, was conclusive on

her. Veal v. City of St. Louis, 365 Mo. 836, 289 S.W.2d 7, 13 [6] (1956).

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

HENLEY, P. J., DONNELLY, C. J., and MEYER, Special Judge, concur.

MORGAN, J., not sitting.

FINCH, J., not a member of Division when cause was submitted.

---

1. "In pleading to a preceding pleading, a party shall set forth affirmatively * * * any * * * matter constituting an avoidance or affirmative defense. * * *"