**Edward OWENS, Plaintiff-Appellant,**

**v.**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant-Respondent.**

**No. 45021.**

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 7, 1982.

Larry Luber, St. Louis, for plaintiff-appellant.

Daniel Tobben, St. Louis, for defendant-respondent.

DOWD, Judge.

Plaintiff-appellant Owens brought a contract action against defendant-respondent Government Employees Insurance Company ("GEICO") seeking to recover under the uninsured motorists provisions of his insur-

ance contract. On appeal, plaintiff argues that the trial court erred in dismissing his petition on the basis of the res judicata effect of a prior court order quashing a garnishment plaintiff filed against GEICO as garnishee. We reverse.

Plaintiff sustained injuries when an automobile driven by Linda Stewart struck his motorcycle. At the time of the accident plaintiff was insured by GEICO. The liability insurance contract included protection against uninsured motorists.

Plaintiff filed a tort action against Stewart, seeking $10,000 in damages for his injuries. Plaintiff notified GEICO of the suit. As Stewart failed to answer the petition or appear, the court awarded plaintiff a default judgment.

Plaintiff attempted to satisfy the judgment by bringing a garnishment action against GEICO, his insurer. Contending that Stewart was an uninsured motorist, plaintiff argued that GEICO was transformed into the insurer for Stewart and therefore into the judgment debtor subject to garnishment. GEICO filed an amended motion to quash garnishment on four grounds: (1) GEICO owed no money, duty, or obligation to Stewart, and plaintiff obtained no judgment against GEICO; (2) plaintiff violated terms and conditions of the insurance policy; (3) plaintiff's judgment against Stewart did not constitute a finding or judgment that Stewart was an uninsured motorist; and (4) plaintiff alleged property damage which was not subject to inclusion under the uninsured motorist coverage. The first ground clearly questioned the appropriateness of garnishment as a remedy, while the others went to the merits of the claim.

Both parties also moved for summary judgment in the garnishment action. The trial court did not rule upon the motions for summary judgment. It instead sustained GEICO's Amended Motion to Quash Garnishment but without giving reasons for the judgment. Plaintiff did not appeal.

Plaintiff then filed a contract action against GEICO, seeking recovery under the uninsured motorists provisions of the insurance policy, and damages and attorney fees for vexatious refusal to pay. The trial court sustained GEICO's motion to dismiss plaintiff's petition "on the basis that Plaintiff's suit is barred by the res judicata effect of the Court's Order of June 16, 1981" quashing the garnishment. Plaintiff appeals from this judgment.

Plaintiff contends that the order had no res judicata effect since (1) it quashed the garnishment as an improper remedy and it did not reach the merits of plaintiff's claim against GEICO; and (2) the issue in the garnishment action was GEICO's liability to the uninsured motorist while in the present action the issue is GEICO's contract liability to plaintiff.

■ Garnishment is strictly a statutory[1] proceeding. *Household Finance Corp. v. Seigel-Robert Plating Co.,* 483 S.W.2d 415, 417 (Mo.App.1972). It is in aid of an execution, providing an ancillary remedy to obtain payment of a judgment. *Davis v. Long,* 521 S.W.2d 7, 8 (Mo.App.1975). Plaintiff had no remedy by way of his garnishment action because he had no judgment upon which to execute against GEICO. GEICO as garnishee could be compelled to deliver assets of Linda Stewart to plaintiff only if GEICO were indebted to Stewart. *See Frickleton v. Fulton,* 626 S.W.2d 402, 406 (Mo.App.1981). The award to plaintiff of a judgment against Stewart in a previous tort action did not establish GEICO's liability to Stewart or to plaintiff since GEICO was not a party to that action. Thus, the trial court could have properly quashed the garnishment because plaintiff chose the wrong remedy.

■ The basic aim of the doctrine of res judicata is to end litigation as to the same

---

1. Section 525.010, RSMo 1978 provides:

    All persons shall be subject to garnishment, on attachment or execution, who are named as garnishees in the writ, or have in their possession goods, moneys or effects of the defendant not actually seized by the officer, and all debtors of the defendant, and such others as the plaintiff or his attorney shall direct to be summoned as garnishees.

**310**

subject matter between the same parties. *Peoples-Home Life Insurance Co. v. Haake,* 604 S.W.2d 1, 7 (Mo.App.1980). Application of the doctrine requires an existing final judgment on the merits. *State ex rel. Lang v. Hodge,* 608 S.W.2d 432, 436 (Mo.App. 1980); *Noll v. Noll,* 286 S.W.2d 58, 64 (Mo. App.1956). The doctrine has developed two distinctions: (1) traditional res judicata and (2) collateral estoppel. *Haake,* 604 S.W.2d at 7. Traditional res judicata prohibits the same parties from relitigating the same cause of action. *Id.* It does not bar a subsequent action, however, when the first judgment is rendered because the plaintiff misconceived his remedy or chose the wrong form of proceeding. In that situation the plaintiff may subsequently bring the proper proceeding to enforce his cause of action. *Pemberton v. Ladue Realty & Construction Co.,* 359 Mo. 907, 224 S.W.2d 383, 385 (1949); *Se-Ma-No Electric Cooperative v. City of Mansfield,* 321 S.W.2d 723, 728–29 (Mo.App. 1958); *Richter v. Frieden,* 243 S.W.2d 783, 787 (Mo.App.1951). Collateral estoppel, on the other hand, precludes the same parties from relitigating previously adjudicated issues, *Haake,* 604 S.W.2d at 7, so that material facts or questions admitted or judicially determined in a former action are conclusively settled by a judgment rendered therein. *Jackson v. Hartford Accident and Indemnity Co.,* 484 S.W.2d 315, 321 (Mo. 1972); *Landes v. City of Kansas City,* 635 S.W.2d 87, 89 (Mo.App.1982). Collateral estoppel forecloses a party from litigating only those exact issues unambiguously decided in the earlier case. *Salsberry v. Archibald Plumbing and Heating Co.,* 587 S.W.2d 907, 915 (Mo.App.1979).

■ Although the record does not disclose on which of four suggested grounds the trial court sustained GEICO's Amended Motion to Quash Garnishment, we find that plaintiff proceeded improperly in bringing a garnishment action so that the trial court's decision was not *necessarily* a determination on the merits. Having proceeded improperly, plaintiff is entitled to pursue a viable remedy. *See Hollipeter v. Stuyvesant Insurance Co.,* 523 S.W.2d 595, 600 (Mo. App.1975). *See also Haynes v. Hawkeye*

*Security Insurance Co.,* 579 S.W.2d 693, 698–99 (Mo.App.1979) (dismissal of equitable garnishment does not foreclose action for conspiracy to hinder and delay plaintiffs as judgment creditors in collection of their judgments). Collateral estoppel would preclude him from relitigating any facts unambiguously decided in the garnishment action. *American Polled Hereford Association v. City of Kansas City,* 626 S.W.2d 237, 241 (Mo.1982); *Salsberry,* 587 S.W.2d at 915. Since the trial court quashed the garnishment without specifying reasons, however, it is unclear which issues were determined. Sufficient ambiguity exists to deny the application of collateral estoppel.

Plaintiff may proceed with his contract action against GEICO. Judgment is reversed.

SNYDER, P.J., and LACKLAND H. BLOOM, Special Judge, concur.