Charles V. DEHNER, Marguerite J. Dehner, and Dehco, Inc., a Missouri Corporation, Respondents,

v.

CITY OF ST. LOUIS, Appellant.

No. 48312.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 22, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1985.

Application to Transfer Denied
April 30, 1985.

Robert H. Dierker, St. Louis, for appellant.

John Musgrave, St. Louis, for respondents.

CRANDALL, Judge.

Defendant, City of St. Louis, appeals from a judgment, entered on a jury verdict, in favor of plaintiffs, Charles V. Dehner and others, for wrongful demolition of three buildings. The plaintiffs recovered $350,000, consisting of $175,000 for each of two buildings. The jury found for the City on the third building.

The City claims the judgment should be reversed because (1) plaintiffs were barred by collateral estoppel from relitigating the issue of wrongful demolition, (2) plaintiffs failed to exhaust their administrative remedies before bringing this action, (3) the court incorrectly directed a verdict for plaintiffs, and (4) the jury instructions on liability and damages were prejudicially erroneous and misleading. We reverse and enter judgment in favor of defendant.

This case centers around three abutting buildings which were owned by plaintiffs and which were located in the City of St. Louis. On April 29, 1976, the buildings were the scene of a five-alarm fire. Two of the buildings sustained fire damage. Firemen noted that the third building was in poor condition with evidence of structural problems, vandalism, and the presence of combustible debris. The buildings, vacant since 1974, had been inspected by firemen prior to the 1976 blaze and had been regarded as likely fire threats.

After the fire, the City began the paperwork to condemn the buildings as public safety hazards. Notices dated May 4, 1976, were sent to the owners and notices were posted on the buildings. The notices stated the owners had a seven-day appeal period.

Plaintiff Charles Dehner testified that on May 17, 1976, he read a notice received at his office in Overland Park, Kansas, although there was an indication the notice may have arrived at the office two days earlier on a Saturday. Mr. Dehner was advised by an attorney it would be futile to appeal because the seven-day appeal period had apparently passed. Mr. Dehner then sent his son-in-law to St. Louis to investigate; and when he arrived on May 19, 1976, he found demolition already under way. No action was taken to halt the demolition and the buildings were completely demolished.

Shortly after the fire, the City's Land Clearance for Redevelopment Authority instituted a condemnation action as part of a plan for new development. An award was made to the plaintiffs to compensate them for the land. The City had obtained a lien against the proceeds of the condemnation award to recover the costs of demolition. The City's attempt to obtain judgment on the lien was contested by plaintiffs. The circuit court found in favor of the City on its lien. *Land Clearance for Redevelopment Authority v. Dehco, Inc.*, et al., No. 61107–F, Parcels 864–864A (Circuit Court, City of St. Louis, June 17, 1982), hereinafter referred to as *LCRA* case.

While the Land Clearance condemnation was pending, plaintiffs brought this action for damages for wrongful demolition. The cause was transferred to St. Louis County on a change of venue.

At trial most of the evidence by both sides consisted of testimony regarding the extent of damage to the buildings and their value prior to demolition. The City presented evidence that demolition had proceeded under a City ordinance, St. Louis, Mo., Revised Code § 57023, par. 124.4 (1980), which allows for notice merely by posting a notice on the building. Plaintiffs asserted at trial that the City had to proceed under § 67.410, RSMo (Supp.1984), which requires notice by registered or certified mail. There was no evidence the City met the requirements of § 67.410.

The trial court directed a verdict for plaintiffs, stating that the City had to "comply with the statute explicitly," a reference undoubtedly to § 67.410. The court did so despite acknowledging that its instructions would "be in conflict with other proceedings that have already been ruled on by judges previously."

■ Defendant City first argues the judgment must be reversed because of the doctrine of collateral estoppel. The City

claims that the issue of whether the three buildings were wrongfully demolished was fully litigated in the *LCRA* case in which the City enforced the lien on the proceeds of a condemnation award.

'It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief.'

*Jackson v. Hartford Accident & Indemnity Co.*, 484 S.W.2d 315, 321 (Mo.1972).

The court in reviewing whether the application of collateral estoppel is appropriate should consider: (1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication.

*Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719 (Mo. banc 1979). A fourth factor also is to be considered: "whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit." *Id.*

 Plaintiffs argue that the first requirement has not been met in the present case. They claim that since the first judgment for the City on the lien did not specify on what grounds it was finding for the

City, that it cannot be shown what specific issues were decided in the first proceeding, and that consequently it cannot be shown what issues in the later proceeding were identical to issues decided previously. It is clear, however, that specific findings are not required to have the effect of precluding new litigation on an issue. A finding which is implicit in a judgment can also have this effect. *Hauber v. Halls Levee District*, 497 S.W.2d 175, 178 (Mo.1973). "A former adjudication between the same parties on a different cause of action is binding as to the ultimate or supporting facts actually decided and necessarily determined in rendering the judgment, under what is called estoppel by verdict." *Hauber*, 497 S.W.2d at 177. The exact issues must have been "unambiguously decided in the earlier case," *Owens v. Government Employees Ins. Co.*, 643 S.W.2d 308, 310 (Mo.App.1982).

In *Owens* the trial court quashed a garnishment without specifying reasons, and the appeals court found it was unclear which issues were determined. "Sufficient ambiguity exists to deny the application of collateral estoppel." *Id.* at 310. In *Owens* the trial court could have relied on any of several different theories to reach the judgment it did.

In *Kansas City v. Graybar Electric Co., Inc.*, 485 S.W.2d 38 (Mo.1972), the supreme court did not apply collateral estoppel because it was not clear what basis the trial court used to enter a judgment for a defendant who had pleaded several defenses. The court in *Graybar* stated, after finding collateral estoppel did not apply, that "[t]here is nothing necessarily inconsistent between the 1961 judgment and the facts found in the present case." *Graybar*, 485 S.W.2d at 43.

 In the case now before us the opposite is true. A judgment for plaintiffs on their wrongful demolition claim would be necessarily inconsistent with the earlier finding that the City was entitled to a lien for demolition costs. The initial judgment for the City necessarily and implicitly

found that the plaintiffs could not recover for wrongful demolition.

The court below directed a verdict for plaintiffs based on the finding the City had not complied with the notice procedures of § 67.410. Plaintiffs clearly had raised the notice issue under § 67.410 in the *LCRA* case. Even without reference to the directed verdict, plaintiffs in their brief state: "The case below thus proceeded on the premise recognized by all parties that the City could be held liable either if the buildings' condition did not warrant demolition or if the procedures employed by the City in so acting to demolish them did not conform to the governing law."

Plaintiffs argue that the City raised several grounds in the *LCRA* case upon which the trial court could have relied. Plaintiffs claim the City cannot point to any issue which was unambiguously decided in the first case. One scenario plaintiffs assert is that the *LCRA* court may have found plaintiffs had not exhausted their administrative remedies. But if the exhaustion doctrine prevented plaintiffs from blocking the City from obtaining judgment on a lien for demolition costs, it would also prevent recovery in a wrongful demolition action. We cannot find a reason which the *LCRA* court might have relied upon for its judgment for the City which would not have prevented recovery by plaintiffs in the latter proceeding. By implication, the *LCRA* court found the City had followed proper procedures for demolition and was entitled to demolition costs.

 Plaintiffs argue that the principle of collateral estoppel does not apply here because they had a significantly heavier burden of persuasion in the initial action than in the subsequent action. *Shaffer v. Terrydale Management Corp.*, 648 S.W.2d 595, 608 (Mo.App.1983). Plaintiffs cite to

§ 88.854, RSMo (1978), which states that a special tax bill is prima facie evidence of what it contains. They also cite to *City of Jackson v. LaChance*, 372 S.W.2d 479, 482 (Mo.App.1963), interpreting § 88.854 to require the party objecting to the tax bill to convincingly contradict the evidence included in the tax bill. Plaintiffs claim *LaChance* imposed a stronger burden of proof on them in the first action than in the later proceeding. However, § 88.854 and its *LaChance* interpretation are not applicable here. Section 88.854 was not the statute used here so the *LaChance* interpretation is not applicable. The City ordinance on special tax bills *does* state that special tax bills are prima facie evidence of what they contain, but there is no case law interpreting what standard of proof is required. The City correctly asserts that prima facie evidence and burden of proof are two separate doctrines. Prima facie evidence allows a party to shift the burden of going forward with the evidence to the other party, but, absent a statutory provision to the contrary, does not shift the burden of proof. *Frank v. Wabash Railroad Co.*, 295 S.W.2d 16, 22 (Mo.1956). Prima facie evidence does not require a verdict for the party whose contention it supports. *State ex rel. State Dept. of Public Health and Welfare v. Ruble*, 461 S.W.2d 909, 913 (Mo.App.1970).

We therefore hold that collateral estoppel prevents relitigation of the issue of wrongful demolition. In view of our holding we do not address the other points raised on appeal.

 The judgment of the trial court is reversed and judgment is entered in favor of the defendant, the City of St. Louis.[1] Rule 84.14.

DOWD, P.J., and CRIST, J., concur.

---

1. We also overrule plaintiffs' motion to strike portions of the City's brief. Plaintiffs argue that the City's appendix to its brief, containing materials from the case of *Land Clearance for Redevelopment Authority v. Dehco, Inc.*, et al., are not part of the record on this appeal. The trial court below took judicial notice of the record of that prior proceeding, but plaintiffs argue defendant should have specifically offered the record into evidence, citing, e.g., *First National Bank of Carrollton v. McClure*, 666 S.W.2d 434, 436 (Mo.App.1983) and *State v. Cullen*, 646 S.W.2d 850, 855 (Mo.App.1982). Here the record made by the trial judge in this case shows that he carefully considered the record of the other proceeding. It was therefore part of

the evidence of the case and is properly part of the record on appeal.