Ernest Jack **CARR and Susan G. Carr**, Respondents,

v.

**James Luther HOLT, Appellant.**

**No. ED 82626.**

Missouri Court of Appeals,
Eastern District,
Division 2.

March 2, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 14, 2004.

Application for Transfer Denied
June 22, 2004.

Joseph Walsh, III, St. Louis, MO, for respondent.

Daniel L. Mohs, St. Louis, MO, for appellant.

### OPINION

GLENN A. NORTON, Presiding Judge.

James Luther Holt appeals the summary judgment declaring that his conviction for assaulting Ernest Carr precluded re-litigation of the issue of Holt's intent. We affirm.

### I. BACKGROUND

Holt was found guilty of second-degree assault after a jury trial. The facts of the incident that gave rise to the conviction are undisputed.[1] Carr, a police offi-

---

1. Because Holt failed to respond to the Carrs' summary judgment motion in which these facts were established, they are deemed admitted for purposes of analyzing the motion. *See ITT Commercial Finance Corp. v. Mid-*

cer, was lawfully attempting to apprehend Holt as Holt fled the scene of a crime in a vehicle. Holt suddenly and unexpectedly stopped the car, put it in reverse and started travelling backwards towards Carr, who was on foot. Carr fired several shots at Holt's vehicle, but it did not stop, and Carr had to lunge out of the vehicle's path to avoid being hit. Carr fell to the ground and sustained severe and permanent injuries.

The Carrs sued Holt, alleging that Holt's negligent operation of the vehicle and his intentional actions caused Carr's injuries. Holt's insurer agreed to defend him under a reservation of right, citing that intentional acts were excluded under Holt's policy. The Carrs also filed a declaratory judgment action against Holt, his insurer and their own uninsured motorist coverage carriers. They sought a declaration that the criminal case had determined as a matter of law that Holt's conduct was intentional, thereby precluding Holt's insurer from defending him in the personal injury case and rendering him an uninsured motorist. The Carrs moved for summary judgment, arguing that Holt's assault conviction collaterally estopped relitigation of the issue of Holt's intent. Holt's insurer admitted the facts regarding the incident as alleged in the summary judgment motion, but Holt filed no response. The court granted the motion, and Holt appeals.

## II. DISCUSSION

### A. Summary Judgment

The propriety of summary judgment is a question of law, and therefore our review is de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria for determining the

*America Marine Supply Corp.*, 854 S.W.2d

propriety of summary judgment on appeal are no different than those used at the trial level. *Id.* The Carrs, as plaintiffs, must demonstrate that there is no genuine dispute as to those material facts on which they would have the burden of persuasion at trial, thereby establishing their right to judgment as a matter of law. *Id.* at 381; see also Rule 74.04(c).

### B. Collateral Estoppel

■ Whether to give preclusive effect to a prior adjudication based on collateral estoppel depends on four factors: (1) whether the issue decided in the prior action is identical to the issue in the current action; (2) whether the prior case resulted in judgment on the merits; (3) whether the party against whom estoppel is asserted was a party to the prior action; and (4) whether that party had a full and fair opportunity to litigate the issue in the prior case. *James v. Paul*, 49 S.W.3d 678, 682–83 (Mo. banc 2001). "The doctrine of collateral estoppel will not be applied where to do so would be inequitable." *Id.* at 683. Fairness is the overriding consideration, and each case must be analyzed on its own facts. *Wilkes v. St. Paul Fire and Marine Insurance Co.*, 92 S.W.3d 116, 120 (Mo.App. E.D.2002).

Holt contends that collateral estoppel does not apply in this case because the issue of intent was not specifically determined in the criminal case. Thus, he argues, the issues are not identical, he did not have an opportunity to litigate the issue in the prior case and precluding relitigation of the issue would be inequitable. We disagree.

### 1. Identity of Issues and Opportunity to Litigate

371, 382 (Mo. banc 1993).

■ Specific findings on an issue are not required to preclude re-litigation of that issue on collateral estoppel principles. An issue that has been unambiguously, necessarily and implicitly determined by a judgment cannot be litigated again. *Sotirescu v. Sotirescu,* 52 S.W.3d 1, 9 (Mo.App. E.D.2001); *Land Clearance for Redevelopment Authority, City of St. Louis v. U.S. Steel,* 911 S.W.2d 685, 688 (Mo.App. E.D. 1995); *Dehner v. City of St. Louis,* 688 S.W.2d 15, 17 (Mo.App. E.D.1985). Here, although the jury appears not to have been instructed to specifically determine Holt's mental state, a finding that he acted intentionally is implied in the guilty verdict.

A person commits attempt-based assault in the second degree when he "attempts to cause ... physical injury to another person by means of a deadly weapon or dangerous instrument." Section 565.060.1(2) RSMo 2000.[2] At the time of Holt's trial, the Missouri Approved Instructions did not require the court to define "attempt" for the jury. *See* Missouri Approved Instruction—Criminal 319.12 (10–1–98). In fact, defining "attempt" was forbidden based on case law holding that "attempt" was to be given its common law meaning: *intent to commit a crime* and an overt act towards commission thereof that falls short of completion where completion is possible. *See id.* (citing State v. Reyes, 862 S.W.2d 377, 383 (Mo.App. S.D.1993)). In December of 1999, the Supreme Court overruled *Reyes,* and now section 564.011 governs all attempt crimes, including the attempt-based assault with which Holt was charged.[3] *State v. Withrow,* 8 S.W.3d 75, 80 (Mo. banc 1999); *State v. Williams,* 126 S.W.3d 377, 381 (Mo. banc 2004). Under section 564.011.1, a person is guilty of at-

tempt when, "with the *purpose* of committing the offense, he does any act which is a substantial step towards the commission of the offense." (emphasis added); *see also* section 562.021.3 ("if the definition of any offense does not expressly prescribe a culpable mental state for any elements of the offense, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly").

■ Thus, under either the common law or the statutory definition of "attempt," intent was, and is, a required element of attempt-based second-degree assault. Holt's conviction of that offense could not stand without a determination that he had the requisite mental state. Thus, even in the absence of an express finding by the jury on this issue, the judgment unambiguously and necessarily includes an implicit finding that Holt acted intentionally in attempting to injure Carr with the vehicle. The issue of intent is identical to the issues determined in the criminal case, which Holt had a full and fair opportunity to litigate at his criminal trial. *See James,* 49 S.W.3d at 686 ("a defendant in a criminal case has a full and fair opportunity to litigate the elements of an offense, including those relating to the culpable mental state").

## 2. Equity

■ Holt argues that use of collateral estoppel offensively—by the plaintiffs to prevent the defendant from challenging a fact necessary to the plaintiffs' case— would be inequitable in this case. Generally, courts are "less inclined" to allow use of collateral estoppel this way than they are in cases where the defendant seeks to prevent the plaintiff from re-litigating a

---

**2.** All statutory references are to RSMo 2000.

**3.** The MAI was not amended to reflect the change in the law until September 2001, after Holt's June 2000 trial. It now requires that

"attempt" be defined in the instruction according to section 564.011. MAI–CR 319.12 (9–1–01).

necessary fact of the plaintiff's case. *James*, 49 S.W.3d at 685. Nevertheless, as noted above, fairness under the particular facts of the case is the overriding concern. *See Wilkes*, 92 S.W.3d at 120. Here, to allow re-litigation of the issue of intent would be inequitable.

First, failing to give preclusive effect to Holt's conviction would permit him to assert facts contrary to that conviction to avoid personal liability for his actions, "thereby permitting the criminal defendant to profit from [his] own fraud or wrongdoing." *James*, 49 S.W.3d at 686. Holt claims this is not a concern because he testified in the criminal case and were he to assert different testimony in the personal injury case he would do so only "at his own peril." Holt's decision to impeach himself is not in our control, and we do not believe that the risk of destroying his own credibility alleviates the possibility that Holt could benefit from his own wrongdoing. Holt clearly intends to defend the Carrs' intentional tort claim by claiming that his conduct was unintentional. To hold that intent was not determined by the conviction and to permit re-litigation of the issue would allow Holt to be insulated by his insurer from "the full brunt of economic responsibility" resulting from his intentional criminal act. *Id.* at 689. That result would be inequitable and contrary to Missouri public policy. *Id.*

Moreover, we should not allow civil judgments to be based on a determination that a convicted person " 'did not commit all of the elements of the crimes for which [he is] being punished.' " *James*, 49 S.W.3d at 687 (quoting *State Farm Fire & Casualty Co. v. Fullerton*, 118 F.3d 374, 386–87 (5th Cir.1997)); *see also Dehner*, 688 S.W.2d at 17–18. Here, a judgment for Holt on the Carrs' intentional tort claim or for the Carrs on their negligence claim would be necessarily inconsistent with the criminal judgment's implicit finding of intentional conduct. Issue preclusion in this case also promotes judicial economy. Treating a criminal judgment as a final resolution of the issue of intent shortens, or eliminates, declaratory judgment suits like this and expedites the adjudication of victims' suits against an insured who has been found responsible for a criminal act. *See James*, 49 S.W.3d at 687.

In sum, the issue of Holt's intent was necessarily determined in the criminal case, and precluding re-litigation of the issue in the Carrs' personal injury suit against Holt promotes finality, consistency and judicial economy. Above all, fairness dictates that collateral estoppel should apply in this case. Holt's points are denied.

### III. CONCLUSION

The judgment is affirmed.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J. concurring.