**Howard LEVENTHAL**

v.

**Gene SCHENBERG.**

**No. 12 C 4981.**

United States District Court, N.D. Illinois.

Nov. 16, 2012.

Joanne Marie Denison, Denison & Assocs., P.C., Chicago, IL, for Howard Leventhal.

Richard Huck, Michael J. McKitrick, Danna Mckitrick, P.C., St. Louis, MO, Patrick G. Somers, Somers & Associates, Chicago, IL for Gene Schenberg.

### STATEMENT

SUZANNE B. CONLON, District Judge.

Gene Schenberg sued Howard Leventhal in the United States Bankruptcy Court for the Northern District of Illinois seeking a determination that a judgment debt Leventhal owed him was nondischargeable pursuant to 11 U.S.C. § 523(a)(3)(B). Judgment was entered for Schenberg following a trial on the merits. The bankruptcy court denied Leventhal's motion for a new trial or to alter or amend the judgment and his motion to reconsider its ruling on the parties' motions *in limine*. Leventhal appealed. On October 9, 2012, this court affirmed the bankruptcy court's judgment. Leventhal timely moves under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) to alter or amend the court's judgment.

Leventhal articulates six grounds for altering or amending the judgment: (1) this court erroneously analyzed the applicability of preclusion principles; (2) neither the word "willful" nor the concept of willfulness was found in the evidence in the record; (3) the presumption that Schenberg's counsel received an e-mail from Leventhal on April 5, 2010 cannot be rebutted through mere general denial; (4) the *In re Scarborough* decision was abusively employed to deny Leventhal's due process rights and should be overruled or struck down; (5) § 523(a)(6) of the Bankruptcy Code is void for vagueness and should not have been applied; and (6) Schenberg's filings are barred and void under the local rules for failure to designate local counsel.

The court has broad discretion in deciding whether to grant a motion to alter or amend a judgment. *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996). Leventhal must clearly establish a manifest error of law or fact or present newly discovered evidence. *Id.* He does not present new evidence or identify any error of fact in support of the first five grounds for relief, so he must clearly establish a manifest error of law. Wholesale disregard or mis-

application of the law, or a failure to recognize controlling precedent constitutes manifest error of law. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000). Disappointment or disagreement with the judgment does not establish manifest error. *Seng–Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir.2011); *Oto*, 224 F.3d at 606.

▮ Leventhal's first, second, and third grounds merely reiterate arguments he raised earlier in the proceedings and do not reveal a manifest error of law. He first argues the court ignored controlling precedent in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), in analyzing the bankruptcy court's application of collateral estoppel to the Missouri state court judgment to find § 523(a)(6)'s dischargeability exception satisfied. He argues the application of preclusion principles removed the dischargeability determination from the purview of the bankruptcy court. Leventhal misapprehends the law. The *Brown* decision addresses the applicability of *res judicata*, not collateral estoppel. *Brown*, 442 U.S. at 139 n. 10, 99 S.Ct. 2205. The Supreme Court has explicitly held collateral estoppel applies in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). *Brown* does not preclude the bankruptcy court's application of collateral estoppel during the dischargeability proceeding, nor was it manifest error for this court to affirm.

▮ Second, Leventhal finds error in the court's decision to affirm the bankruptcy court's conclusion that the "willfulness" requirement of § 523(a)(6)'s dischargeability exception was met. Under Missouri law, a state court judgment for malicious prosecution "necessarily include[s]" a finding of willful and malicious injury. *Fischer v. Scarborough (In re Scarborough)*, 171 F.3d 638, 643 (8th Cir.1999). In-depth analysis of the state court record is not required to establish the existence of either element. *See, e.g., Carr v. Holt*, 134 S.W.3d 647, 650 (Mo.Ct.App.2004). The bankruptcy court was entitled to apply collateral estoppel to the Missouri judgment to establish the "willful" element of § 523(a)(6). Leventhal provides no binding authority to the contrary.

▮ Third, Leventhal argues the court ignored case law holding that a general denial does not rebut the presumption of receipt and incorrectly affirmed the bankruptcy court's determination that Schenberg's counsel did not receive the April 5, 2010 e-mail regarding Leventhal's bankruptcy. Denial of receipt does not rebut the presumption of receipt; it creates a question of fact. *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459 (7th Cir.1988). The bankruptcy court resolved this fact question in Schenberg's favor after a full trial on the merits. *Accord Phillips v. Riverside, Inc.*, 796 F.Supp. 403, 408 (E.D.Ark.1992) (Wright, J.) (credible testimony of non-receipt sufficient to rebut presumption). Leventhal fails to clearly show manifest error in the court's affirmance. Schenberg's counsel provided repeated, direct testimony on the issue, and the bankruptcy court explicitly determined the testimony was credible in finding the presumption rebutted. It further determined counsel was not Schenberg's agent in April 2010. Credibility determinations and factual findings are accorded great deference on appeal. Fed. R. Bankr.P. 8013; *In re Bonnett*, 895 F.2d 1155, 1157 (7th Cir.1989). Leventhal's cases, the majority of which address whether *affidavit* evidence rebuts the presumption of receipt, involve different factual circumstances and are not binding authority.

■ Leventhal's fourth and fifth grounds provide no basis for altering or amending the judgment. He argues the bankruptcy court violated his due process rights by applying *In re Scarborough* to decide the preclusive effect of the Missouri state court judgment and that § 523(a)(6) is vague as written. He states *In re Scarborough* should be overruled and § 523(a)(6) should be declared void and unconstitutional because due process entitles him to establish a defense that the state court's finding of willfulness and maliciousness does not meet the federal definition. Both arguments relate to issues Leventhal previously raised but include entirely new requests for relief; they are not valid grounds for amending the judgment. *See United States v. Resnick*, 594 F.3d 562, 568 (7th Cir.2010) (Rule 59(e) should not be used to advance new arguments).

■ Finally, Leventhal argues the judgment should be reversed because Schenberg failed to designate local counsel. The local rules require nonresident attorneys to designate local counsel; documents filed without the required designation "may" be stricken. L.R. 83.15(a), (b). Schenberg was granted an extension of time to comply with the local rules because his nonresident attorney, whose *pro hac vice* motion had been granted, was attempting to contact the attorney who had been designated as local counsel in the bankruptcy proceeding. At the time judgment was entered, the deadline for designating local counsel, as extended, had not yet passed. The penalty for failure to comply with the local rules is within the court's discretion. The court was not required to strike Schenberg's documents from the record instead of granting an extension of time to comply with the local rules. Nor does Schenberg's failure to designate local counsel *after* the judgment was entered necessitate a reversal of the judgment.